**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 25 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DENNIS TALLMAN, Individually and on behalf of all others similarly situated,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>CPS SECURITY (USA), INC., *et al.*,<br><br>Defendant-Appellant. | No. 14-16508<br><br>D.C. No. 2:09-cv-00944-PMP-PAL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Phillip Pro, District Judge, Presiding

Argued and Submitted July 5, 2016
San Francisco, California

Before: BERZON, and N.R. SMITH, Circuit Judges, and ZOUHARY,[**] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

The district court did not abuse its discretion in declining to impose sanctions under 28 U.S.C. § 1927 and in declining to reduce the attorney fee award under the Fair Labor Standards Act ("FLSA") to account for counsel's misconduct at trial. We affirm.

1. The parties dispute whether recklessness alone is sufficient to impose sanctions under Section 1927, or whether "something more" is required, such as knowledge, frivolousness or bad faith. As this Court has previously recognized, our cases "have been less than a model of clarity" on this issue. *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107 (9th Cir. 2002). Regardless of the proper standard, the district court did not err in declining to impose sanctions in this case.

Although the court repeatedly ruled evidence related to other lawsuits inadmissible, it also stated on the record that the introduction of Exhibit 528 by CPS Security "open[ed] the door on these lawsuits." The court later also acknowledged in its Order denying sanctions that Tallman's attorney "reasonably may have believed the Court's comments approved of inquiry in this area despite the Court's prior rulings." Recklessness requires "much more than mere negligence: it is a gross deviation from what a reasonable person would do." Black's Law Dictionary (9th ed.). While a more prudent course of action existed (*i.e.*, seeking clarification from the court *before* pursuing the line of inquiry in front of the jury), the court's

determination that Tallman's attorney did not behave "unreasonably . . . given the context of the trial" precludes a finding of recklessness—let alone "something more." Though a less generous court might have ruled differently, we cannot say the court here clearly erred in reaching its conclusion.

2. The FLSA provides a district court "shall . . . allow a reasonable attorney's fee" and costs to be paid by a defendant to a prevailing plaintiff.  29 U.S.C. § 216(b). To calculate a reasonable fee, courts begin by multiplying the number of hours reasonably expended in litigating the case by a reasonable hourly rate—an amount known as the lodestar.  Courts exclude any hours that were not "reasonably expended" because they were "excessive, redundant, or otherwise unnecessary," and "[q]uality of representation is generally considered at the lodestar stage."  *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045–46 (9th Cir. 2000) (citations omitted).

Tallman did not request, and the district court did not award, any fees for the attorney who caused the mistrial, or any fees for any attorney related to trial time. Instead, the fee application sought only fees for time spent by Tallman's two other attorneys and a paralegal on discovery, motions practice (excluding unsuccessful motions), mediation, and other pre-trial preparation.  On his own initiative, Tallman further reduced the requested hours by between ten and thirty percent.  Despite CPS

Security's arguments to the contrary, "the main purpose of fee-shifting statutes is not to punish or reward attorneys," but "to enable private parties to obtain legal help in seeking redress for injuries resulting from the actual or threatened violation of specific federal laws." *Id.* at 1047 (internal quotation marks and citation omitted). The district court did not abuse its discretion in declining to further reduce Tallman's attorney fee award in light of the mistrial.

**AFFIRMED.**